RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/27/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY DADE | DOCKET NO. 13-CV-827; SEC. P |
| VERSUS | JUDGE DRELL |
| M.D. CARVAJAL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Anthony Dade filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 22, 2013. Petitioner is in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner seeks a court order directing the BOP to move him to a residential re-entry center pursuant to the Second Chance Act of 2007.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Pursuant to an agreement with the United States, Petitioner entered a guilty plea to Count 1 of his indictment - Distribution of 5 grams or more of crack cocaine, in violation of 21 U.S.C. §841. [*U.S. v. Anthony Dade*, 3:05-cr-30012 (W.D.La.)] He was sentenced to 70 months of imprisonment on November 8, 2005. [*U.S. v. Anthony Dade*, 3:05-cr-30012 (W.D.La.), Doc. #32] On March 25, 2008, Dade's term of imprisonment was reduced to 57 months, pursuant to 18 U.S.C. §3582(c)(2). [*U.S. v. Anthony Dade*, 3:05-cr-

30012 (W.D.La.), Doc. #39]  On October 10, 2008, Petitioner commenced service of supervised release. *U.S. v. Anthony Dade*, 3:05-cr-30012 (W.D.La.), Doc. #64. While on supervised release, on December 13, 2010, Dade committed a new offense of distribution of marijuana. After a hearing on April 4, 2011, during which Dade admitted that he committed the new offense, the Court Sentenced him to a term of imprisonment of fifteen months. [*U.S. v. Anthony Dade*, 3:05-cr-30012 (W.D.La.), Doc. #54]  At the time, Petitioner was serving a state sentence for the marijuana offense.

Petitioner asked the federal sentencing judge to modify the term of imprisonment by ordering that it run concurrently with the state term of imprisonment. On April 5, 2012, the Court explained that it could not grant the relief sought. [*U.S. v. Anthony Dade*, 3:05-cr-30012 (W.D.La.), Doc. #62, 64]  On July 26, 2012, Dade filed a motion to modify sentence. [*U.S. v. Anthony Dade*, 3:05-cr-30012 (W.D.La.), Doc. #39]  Again, the Court denied the motion, stating that the modification was not authorized by law. [*U.S. v. Anthony Dade*, 3:05-cr-30012 (W.D.La.), Doc. #39]

Dade alleges that on December 13, 2012, during a scheduled Program Review team meeting with his case manager and the unit counselor, Dade asked that he be placed in a re-entry program for six months prior to his release date. However, the case manager informed Petitioner that he was being referred for placement in a re-entry center for anywhere from one to ninety days. [Doc. #1,

p.2]  Dade tried to convince the counselor that he needed six months in the re-entry program in order to have "greater opportunities needed to be successful upon reentering society." [Doc. #1, p.2]

Petitioner then filed this Petition under Section 2241 asking that he be designated to a residential re-entry center immediately for the remainder of his sentence.  His projected release date is December 27, 2013, according to the BOP.

### Law and Discussion

To the extent that Dade is attempting to raise a due process claim, his argument fails because he has no liberty interest in placement in a re-entry program.  Under 18 U.S.C. §3624(c) (the Second Chance Act), the BOP has the authority to place inmates in residential re-entry centers during the final portion of their sentences, up to 12 months. The Act provides, in part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1). Section 3624(c)(1) also states that nothing in the Act shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons to designate the place of imprisonment pursuant to 18 U.S.C. §3621(b).  The BOP has discretion to determine in what reentry facility the inmate will be

3

placed and for how long, up to, but not more than, twelve months.

Thus, the Second Chance Act does not limit or restrict the discretion that the BOP has to assign inmates to facilities, <u>United States v. Sneed</u>, 63 F.3d 381, 388 n. 6 (5th Cir. 1995), nor does it encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period, <u>Ready v. Fleming</u>, 2002 WL 1610584 (N.D.Tex)(not reported), citing <u>Prows v. Fed. Bureau of Prisons</u>, 981 F.2d 466, 469-70 (10th Cir. 1992), *cert denied*, 510 U.S. 830 (1993). "Where the statute grants the prison administration discretion, the government has conferred no right on the inmate." <u>Richardson v. Joslin</u>, 501 F.3d 415, 419 (5th Cir. 2007).

Participation in the reentry program is a privilege, not a right. Dade has no liberty interest in the re-entry program. Moreover, per the facts alleged and statutes cited by him, it is evident that Dade is not in custody in violation of the Constitution or laws of the United States. He has clearly been considered for the program, and a time frame of 1-90 days was decided upon as the time that Dade will spend in a reentry center.

### *Conclusion*

Because Petitioner has no liberty interest in placement in the residential re-entry program, his Petition should be dismissed. He cannot show that he is in custody in violation of the Constitution or laws or treaties of the United States. Therefore, **IT IS**

**RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 27th day of June, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE